PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PASSION CARE LLC, | ) | CASE NO. 4:26-cv-2007 |
| Plaintiff, | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| ALLEN BENNETT, | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 2] |

Plaintiff filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction. (ECF No. 2). For the reasons below and of record, Plaintiff's Motion for Temporary Restraining Order is granted.[1]

## I. Background

Plaintiff Passion Care LLC brings three state law claims against Defendant Allen Bennett: (1) Conversion, (2) Tortious Interference, and (3) Accounting. ECF No. 1. The Complaint alleges that Defendant has dominion and control over assets that belong to Plaintiff, including, at least $310,000[2] in Medicaid payments and four computers and their contents.

The Court issued an Order setting a hearing to allow each side to voice its position on the motion for TRO, as well as requiring Plaintiff to immediately serve a copy of the Order and Motion for TRO on Defendant or his counsel and to file proof of service. ECF No. 9. Prior to

[1] Plaintiff's motion for a preliminary injunction will be addressed after appropriate proceedings have occurred.

[2] During the hearing, Plaintiff presented evidence of a greater amount, that is at least $364,944.54. Pl. Ex. 3.

the hearing, Plaintiff complied with the Court's Order by filing proof of service that Defendant had been given notice. ECF No. 10.

At the TRO hearing, Plaintiff's counsel, David M. Neumann appeared. Despite having been served, neither Defendant nor counsel for Defendant appeared or otherwise responded. At this writing, no counsel has entered an appearance for Defendant. *Ex parte* TROs are disfavored. Notice is deemed reasonable if it gives the opposing party an opportunity to be heard. *Granny Goods Foods, Inc v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Defendant was given an opportunity to be heard but chose not to participate or contact the Court seeking alternative accommodations. *See* ECF No. 10.

## II. Legal Standard

The Sixth Circuit recently clarified the application of the traditional factors the Court should consider when resolving a motion for a TRO. The factors are: (1) plaintiff's likelihood of success on the merits; (2) the risk of irreparable harm to the plaintiff in the absence of an injunction; (3) the risk that an injunction will harm others; and (4) the broader public interest. *PCC Airfoils, LLC v. Daugherty*, 176 F.4th 509, 512¬13 (6th Cir. 2026) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also* *Bobay v. Wright State University*, No. 22-4007, 2023 WL 3963847, at * 3 (6th Cir. 2023) (indicating that "[p]reliminary injunctions and TROs share the same four factors in determining whether to grant relief.").

These factors operate as a "sliding-scale inquiry" rather than independent prerequisites, and no single factor is controlling. *Id*. at 13. Nevertheless, likelihood of success on the merits and irreparable harm impose threshold limitations on the Court's discretion. If a plaintiff demonstrates "no likelihood of success on the merits," there is nothing left to balance, and injunctive relief must be denied regardless of the remaining factors. *Id*. (quoting *Higuchi Int'l*

*Corp. v. Autoliv ASP, Inc.*, 103 F. 4th 400, 409 (6th Cir. 2024)). Similarly, a court must deny injunctive relief when the plaintiff fails to demonstrate any risk of irreparable injury. *Id*. (citing *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F. 2d 100, 105 (6th Cir. 1982)).

After balancing the factors, a court may grant injunctive relief only when the plaintiff makes a "clear showing" that is entitled to such relief. *Id*. (quoting *Winter*, 555 U.S. at 22). This standard does not require proof by clear and convincing evidence. *Id*. Even when a plaintiff demonstrates likelihood of success and irreparable injury, the potential harm to others and the public interest may weigh against issuance of an injunction. *See* *Winter*, 555 U.S. at 3233.

## III. Discussion

### A. Likelihood of Success on the Merits

As mentioned above, Plaintiff asserts claims for conversion, tortious interference, and an accounting arising from Defendant's alleged possession and control of Medicaid proceeds earmarked for Plaintiff and computers related to the operation of Plaintiff's home health care business. ECF No 1. The record established at this stage of the case makes a clear showing of the following.

Plaintiff acquired its home health care business and entitlement to Medicaid payments and assets associated with the business. ECF No. 3 (Affidavit of Abraham Glanz). Notwithstanding the purchase, Medicaid proceeds designated for Plaintiff continued to be deposited into an account that Plaintiff does not have access to because Defendant has dominion and control over the account. ECF No 1. As a new owner, Plaintiff is at risk of a loss of business, loss access to Medicaid funding, and has been forced to infuse personal funds to continue to operate. Defendant has refused to regurgitate the Medicaid proceeds. Additionally, Defendant removed computers that contain medical and financial records of patients and pertain

to the operation of Plaintiff's home health care operation. ECF No. 1 at PageID #: 3; ECF No. 3 at PageID #: 53 ¶¶ 2223.[3] Defendant has refused to return the computers, claiming at least one is his personal computer.

Plaintiff has made a clear showing of a likelihood of success. The first factor, therefore, weighs in favor of Plaintiff's request for injunctive relief.

**B. Irreparable Harm**

Plaintiff seeks two principal forms of relief: (1) an order preventing the continued transfer of Medicaid proceeds to Defendant; and (2) an accounting and return of computers and other assets[4] within Defendant's dominion and control. ECF No. 2. The record establishes that Defendant has possession of four computers and at least $364,944.54[5] belonging to Plaintiff. Pl. Exs. 1 and 3.

Generally, an injury is not irreparable when it can be fully compensated through an award of monetary damages. *See* *Overstreet v. Lexington-Fayette Urban County Government*, 305 F. 3d 566, 578 (6th Cir. 2026) (finding that "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages.") (citation omitted). Plaintiff alleges that Medicaid payments to which Plaintiff is entitled are being deposited into an account controlled by Defendant. The record reflects that the lack of Medicaid payments affects Plaintiff's reputation and goodwill.[6] "The irreparable injury flows both from the potential

---

[3] There is a related case pending in New York State courts. Filings made in that court also sustain Plaintiff's allegations regarding the misappropriation of the computers and their content. *Passion Care LLC v. Bennett*, 526984/2026 (Kings Sup. Ct.).

[4] These assets include patient portals and any other financial, licensing and patient systems in Defendant's possession.

[5] Pl. Ex. 2 shows that $443,224.96 is at issue.

[6] As explained below, Plaintiff argues that Medicaid is the primary funding source on which its clientele relies for the services provided by Plaintiff.

difficulty of proof of plaintiff's damages, and also from the impairment of intangible values. . . . such as [Plaintiff's] reputation and goodwill." *Midwest Guaranty Bank v. Guaranty Bank*, 270 F. Supp 2d 900, 923. (E.D. Michigan 2003) (Borman, J.) (citing *Wynn Oil Co. v. American Way Service Corp*., 943 F.2d 595, 608 (6th Cir. 1991) (citation omitted) (quotations omitted). Due to Defendant's misappropriation of Medicaid funds intended for Plaintiff's home health aide business, its reputation and goodwill has been affected. Medicaid has rescinded Plaintiff's Medicaid provider number, and there is no guarantee that Plaintiff will be provided another. Without proceeds from Medicaid, Plaintiff's clients are at risk of losing the serious medical services that Plaintiff provides to its clientele in the community.[7] Because almost all Plaintiff's patients are Medicaid recipients, Plaintiff has already experienced a loss of business because they have been forced to transfer their patients to other providers.

Additionally, Plaintiff has shown that Defendant removed computers from Plaintiff's business and continues to exercise control over them. The record also shows that, despite its requests, Defendant has not returned the computers. Pl. Ex. 1 (showing an email chain submitted during TRO Hearing). The record also shows that those computers contain records that: (1) concern private medical and financial information of its patients, and (2) are required for the operation of Plaintiff's business. The deprivation of access to patient medical and financial records and that needed to operate its home health care business presents an injury that cannot readily be remedied through a later award of monetary damages. *Overstreet*, 305 F. 3d at 578. Also, damages would be difficult to calculate because, among other things, the computers

[7] 42 CFR § 484.80(g)(3) provides the duties of a home health aide: "(i) The provision of hands-on personal care; (ii) The performance of simple procedures as an extension of therapy or nursing services; (iii) Assistance in ambulation or exercises; and (iv) Assistance in administering medication ordinarily self-administered."

contain patient medical records and access to those records. *Id*. (finding an injury is not fully compensable by money damages, when the nature of the plaintiff's injury is such that damages would be difficult to calculate).

Plaintiff has made a clear showing of irreparable harm. This factor favors injunctive relief.

**C. Harm to Others**

The third factor considers the risk that the requested TRO would cause substantial harm to others. As mentioned above, Plaintiff seeks to prevent Defendant from continuing to receive or exercise control over Medicaid proceeds earmarked for Plaintiff and seeks the return of computers and their contents that Defendant removed from the home health care facility.

On the present record, there is no indication that requiring Defendant to preserve and return property earmarked for or belonging to Plaintiff would impose substantial or cognizable harm to Defendant. There is, however, clear showing of discernible harm to Plaintiff's patients whom rely on Medicaid to receive care from Plaintiff. As mentioned above, care for those patients would cease and/or have to be transferred to other providers. Home Health Aides provide serious care for the patients they serve in the community. Any interruption in the continuity of this care is detrimental. *See Int'l Res., v. N.Y. Life Ins. Co.*, 950 F.2d 294, 302 (6th Cir. 1991) (upholding a district court's finding that a loss of health insurance, which would "adversely [a]ffect the proper maintenance of [the plaintiff's] health," and "interruption of the care might cause irreversible physical harm," successfully established irreparable harm.).

Similarly, Defendant's possession of the computers containing private medical and financial information regarding Plaintiff's clientele unnecessarily exposes that private information and

places the clients at risk due to Plaintiff or any other service provider lacking access to that important medical and financial information.

Plaintiff has clearly shown the harm to others if its requested TRO is denied. This factor, therefore, favors the injunctive relief sought by Plaintiff.

**D. Public Interest**

The public has an interest in the continued and proper operation of health care facilities and in ensuring that health care providers have access to the records necessary to provide appropriate care for and assessment of their patients. The public also has a legitimate interest in trusting that the medical and financial records provided to its health care providers will be kept private. Plaintiff has made a clear showing that the computers (and the records they contain) are unavailable to Plaintiff and at risk of inappropriate exposure, in violation of reasonable expectations of privacy and possibly privacy-related laws.

Moreover, as the record establishes, Defendant's continued possession of computers containing patient medical records interferes with Plaintiff's ability to maintain home health care services and to access information necessary to serve its patients. Public interest favors preservation and return of those records and equipment.

The public interest factor weighs in favor of Plaintiff's request for injunctive relief.

## IV. Conclusion

For the reasons above and of record, Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is granted. Defendant is hereby Ordered to immediately:

(1) Return the four computers, including the computer that Defendant claims is his personal computer;

(2) Provide to Plaintiff at least the $365,944.54 provided by Medicaid into his account;

(3) Provide to Plaintiff an accounting of other assets of Plaintiff's, including patient portals and any other financial, licensing and patient systems in Defendant's possession; and

(4) Provide to Plaintiff any additional funds that he has received or shall receive as a result of his interference with Plaintiff's business.

Plaintiff shall post a bond in the amount of $1, in accord with Fed. R. Civ. P. 65(c). Effective with the posting of this bond, the Temporary Restraining Order imposed on August 25, 2026, at 4:08 p.m. ET shall remain in effect until September 8, 2026.

IT IS SO ORDERED.

August 27, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge